UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9569 PA (PJWx) | Date | December 23, 2014 |
|---|---|---|---|
| Title | Matthew Katz v. Sony Music Entertainment, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Julieta Lozano | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court has reviewed the Complaint filed by plaintiff Matthew Katz, doing business as Matthew Katz Productions, After Your Publishing, and San Francisco Sound ("Plaintiff") against Sony Music Entertainment ("Sony"), Dean Sciarra ("Sciarra"), David LaFlamme ("LaFlamme"), Alliance Entertainment, LLC ("Alliance"), Linda Baker LaFlamme, Val Fuentes, Toby Gray, Rob Cunninghman, Michael Prichard, and Gary Thomas (collectively "Defendants").

Plaintiff is a music producer "who has used the band name *It's a Beautiful Day* since 1966 in the staging of musical performances and in the production and distribution of musical recordings." (Complaint ¶ 3.)  In the decades since then, Plaintiff has filed a number of lawsuits asserting his alleged rights to the *It's a Beautiful Day* band name and works associated with the band.  Plaintiff's claims in the instant case include (1) breach of contract; (2) unfair competition; (3) trademark infringement; (4) copyright infringement; (5) contributory copyright infringement; (6) interference in advantageous business relations; (7) trover/conversion; (8) accounting; (9) declaratory relief; (10) temporary restraining order; (11) preliminary injunction; and (12) permanent injunction.

The claims against Sony are based on its alleged violation of a settlement agreement, originally entered into by CBS Records in 1979, by licensing a "double album" released by a German label in 2012.  (Complaint ¶¶ 78, 109-12.)  The claims against Sciarra are based on his marketing duplicates of various *It's a Beautiful Day* albums.  (Complaint ¶¶ 122-23.)  The claims against Alliance are similarly based on its distributing albums owned by Plaintiff.  (Complaint ¶ 130.)  The claims against LaFlamme, Linda Baker LaFlamme, Val Fuentes, Toby Gray, Rob Cunningham, Michael Prichard, and Gary Thomas (collectively, "Band Members") are based on recent performances under the *It's a Beautiful Day* name.

It appears that Defendants may not be properly joined. Federal Rule of Civil Procedure 20, which allows for permissive joinder, provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9569 PA (PJWx) | Date | December 23, 2014 |
|---|---|---|---|
| Title | Matthew Katz v. Sony Music Entertainment, et al. | | |

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers , 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it is not clear whether there is a question of fact or law common to all Defendants. Nor is it clear that Plaintiffs' claims against Defendants arise out of the same transaction or occurrence. The Complaint, which runs to more than fifty pages, chronicles conduct ranging from Sony's licensing of an album released in Germany to the Band Members' performances in "bars and dives." Although the relationship among the Band Members is straightforward, Plaintiff offers little or no explanation of how the claims against Band Members, Sciarra, Alliance, and Sony are related. Indeed, Plaintiff appears to concede that the claims against Alliance and Sony are not related to the claims against the Band Members or Sciarra: "[A]ll the Defendants . . . with the exception of Sony Music Entertainment and Alliance Entertainment, Inc., were and are the agents, employees, or partners of the others, acting within the scope of their duties, rights, and responsibilities, or, failing that, that they ratified their actions after the fact." (Complaint ¶ 41.) While Plaintiff implies that LaFlamme may be working with Sciarra, he acknowledges that "[t]he particulars of the Defendant David LaFlamme's relationship with the Defendant Dean Sciarra are not at this time known, nor is the Plaintiff capable of discerning them outside the litigation process . . . ." (Complaint ¶ 133.)

The Court therefore orders Plaintiff to show cause in writing, no later than January 12, 2015, why one or more defendants should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin ,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court"). Plaintiff shall serve a copy of this Order and his Response on Defendants by the same date, after which the Defendants shall have until January 26, 2015 to file Replies.

In response to this Order to Show Cause, Plaintiff may, if he so chooses, dismiss his claims against certain defendants in this action and file separate actions with new complaints and filing fees.

IT IS SO ORDERED.