UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9569 PA (PJWx) | Date | December 26, 2014 |
|---|---|---|---|
| Title | Matthew Katz v. Sony Music Entertainment, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court has reviewed the Complaint filed by plaintiff Matthew Katz, doing business as Matthew Katz Productions, After Your Publishing, and San Francisco Sound ("Plaintiff") against Sony Music Entertainment ("Sony") and others.

Plaintiff is a music producer "who has used the band name *It's a Beautiful Day* since 1966 in the staging of musical performances and in the production and distribution of musical recordings." (Complaint ¶ 3.)  In the decades since then, Plaintiff has filed a number of lawsuits asserting his alleged rights to the *It's a Beautiful Day* band name and associated works.  Plaintiff's claims against Sony in the instant case include (1) breach of contract; (2) unfair competition; (3) interference in advantageous business relations; (4) trover/conversion; (5) accounting; (6) declaratory relief; (7) temporary restraining order; (8) preliminary injunction; and (9) permanent injunction.

Plaintiff alleges that Sony bought CBS Records and "succeed[ed] to all the rights, title, interests, liabilities and obligations of the former CBS subsidiary" in 1987.  (Complaint ¶ 78.)  The obligations on which Plaintiff's claims against Sony are based stem from a 1979 settlement agreement between Plaintiff and CBS Records.  In addition to an award of monetary damages and distribution rights, "[t]he CBS Settlement also provided that further disputes between the parties would be subject to binding arbitration wherein the prevailing party would recover his attorneys' fees."  (Complaint ¶¶ 60-68.)  Given that Plaintiff has previously submitted claims to arbitration pursuant to this agreement (see Docket No. 3, Exs. A-B), it is not clear why Plaintiff believes this Court is an appropriate forum for the claims that he raises against Sony in the instant Complaint.

When a party to an agreement to arbitrate commences an action subject to an arbitration agreement, the court shall stay the action pending completion of the arbitration.  9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.").  Alternatively, a court may dismiss an action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9569 PA (PJWx) | Date | December 26, 2014 |
|---|---|---|---|
| Title | Matthew Katz v. Sony Music Entertainment, et al. | | |

when an arbitration provision is "broad enough to bar all of the plaintiff's claims," and it may do so on its own motion.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

     Accordingly, Plaintiff is ordered to show cause why his claims against Sony should not be stayed or dismissed without prejudice in favor of arbitration.  Plaintiff's response to this order to show cause, which shall not exceed ten (10) pages, shall be filed no later than January 12, 2015.  Plaintiff shall serve a copy of this order and his Response on Sony no later than January 12, 2015, after which Sony shall have until January 26, 2015 to file a reply, if it chooses.

     IT IS SO ORDERED.